UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

ROBERT SMITH,

                            Plaintiff,                     AMENDED COMPLAINT
                                                                        14 CV 4913 (ENV)(VMS)

                        - against -

ANTHONY FAMIGHETTI, Shield 3585, and
BRIAN CHRISTENSEN, Shield 29540, employees
of the New York City Police Department,

                            Defendants.
                                                                  **Jury Trial Requested**

-------------------------------------------------------------------X

       Robert Smith, by his attorney, the Law Office of Matthew Flamm, alleges the following upon information and belief as his Amended Complaint:

## Nature of the Action

       1.     This civil rights action arises from the October 4, 2011 unlawful arrests of and use of force on Robert Smith.  Plaintiff seeks compensatory and punitive damages for violation of his civil rights under 42 U.S.C. §1983.

## Jurisdiction and Venue

       2.     This action arises under the United States Constitution and 42 U.S.C. §1983.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 and §1343(3).

       3.     Under 28 U.S.C. §1391(b), venue is proper in the Eastern District of New York because events giving rise the claims herein occurred in that judicial District.

Parties

4. Plaintiff ROBERT SMITH is a citizen of the United States of America residing in the State and City of New York, County of Kings.

5. Defendant ANTHONY FAMIGHETTI, Shield 3585, was at all times relevant a Sergeant employed by the New York City Police Department and assigned, upon information and belief, to the 79th Precinct in Brooklyn, New York. He is sued in his individual capacity.

6. Defendant BRIAN CHRISTENSEN, Shield 29540, was at all times relevant a Police Officer employed by the New York City Police Department and assigned, upon information and belief, to the 79th Precinct in Brooklyn, New York. He is sued in his individual capacity.

7. Defendants FAMIGHETTI and CHRISTENSEN were at all times relevant duly appointed and acting employees of the New York City Police Department and were agents, servants and employees acting within the scope of their employment by defendant City of New York.

8. At all times relevant, the Defendants were acting under color of state law.

Facts Underlying
Plaintiff's Claims for Relief

9. On October 4, 2011 at, around, or after 4:00 p.m., Robert Smith was at and around the intersection of Gates Avenue and Tompkins Avenue in Brooklyn, New York when the Defendants unlawfully arrested Plaintiff on the false charge of disorderly conduct.

10. At that time and place, Mr. Smith was returning home from having his hair cut and was waiting for the B52 bus.

11. Police were present at and around the location, including the Defendants, because an eviction was being attempted of an elderly, long-time community resident, Mary Lee Ward, who lived on Tompkins Avenue near the bus stop.

12. A man dressed in a sweatshirt with the hood up and who Plaintiff believed to be a New York City Police Officer appeared and spoke with Plaintiff. Mr. Smith signaled that he was not interested in speaking with this man by quietly responding with words to the effect that he looked like a rat.

13. Shortly hereafter, Mr. Smith was confronted by Famighetti and others, including, upon information and belief, Defendant Christensen, and, despite that Plaintiff had done nothing unlawful, was nonetheless arrested and taken in handcuffs to the 79th Precinct Stationhouse.

14. Mr. Smith was imprisoned while Defendant Famighettis and Christensen prepared or allowed to be prepared false police reports accusing Mr. Smith of disorderly conduct.

15. Plaintiff was held handcuffed in a cell for a time until he was released with a Summons.

16. As Mr. Smith left the Stationhouse, he and Defendant Famighetti exchanged words.

17. Defendant Famighetti confronted Mr. Smith outside of the Stationhouse.

18. Despite that Plaintiff had done nothing unlawful, he was nonetheless re-arrested at the direction of Defendant Famighetti and jailed at the 79th Precinct Stationhouse.

19. During the arrest, police personnel, including Defendant Famighetti, grabbed and struck Mr. Smith without lawful basis. Mr. Smith suffered, among other things, abrasions to his right hand and left parietal area with mild swelling, and a contusion to his left wrist.

20. Mr. Smith was imprisoned while Defendant Famighetti prepared or allowed others to prepare false police reports accusing Mr. Smith of crimes.

21. After the arrest paperwork was completed, Plaintiff was taken to Brooklyn Central Booking to await arraignment.

22. While Smith was awaiting arraignment, Defendant Famighetti made or allowed others to make false statements to the Kings County District Attorney's Office.

23. The misrepresentations caused Plaintiff to be prosecuted under Kings County Docket No. 2011KN079431 on the false charges of Assault in the second and third degrees (PL §§120.05(3), 120.00(1), respectively a D felony and an A misdemeanor); Attempted Assault in the third degree (PL §110/120.00(1), a B misdemeanor), Obstructing Governmental Administration (PL §195.05, an A misdemeanor), and Resisting Arrest (PL §205.30, an A misdemeanor).

24. Mr. Smith was arraigned on the false charges, released, and required, under threat of issuance of an arrest warrant and of arrest, to appear in Criminal Court on November 15, 2011, February 1, 2012, April 10, 2012, May 8, 2012, June 26, 2012, September 19, 2012, October 4, 2012, October 18, 2012, and October 25, 2012, when the prosecution was adjourned in contemplation of dismissal and then dismissed and sealed on April 24, 2013.

25. The Defendants, despite having a reasonable opportunity to do so, took no action to prevent, end, or truthfully report the unlawful arrests, use of force, and prosecution of Mr. Smith.

26. The Defendants' acts and omissions caused Mr. Smith to suffer mental and emotional upset and trauma, fear, humiliation, and deprivation of his constitutional rights, among other injuries.  Plaintiff suffered the indignities of the arrest-to-arraignment process.  He suffered the authentic fear and anxiety of conviction and imprisonment based on false testimony and evidence.

27. Mr. Smith's physical injuries caused by Defendant Famighetti's acts and omissions were treated at Long Island College Hospital.

28. Defendants, at all times relevant, and in stopping, arresting, and imprisoning Plaintiff, and in offering false evidence to the District Attorney and Criminal Court Judges, acted intentionally, willfully, maliciously, negligently, and with reckless disregard for and deliberate indifference to Plaintiff's rights and physical and mental well-being.

## FIRST CLAIM FOR RELIEF FOR VIOLATING PLAINTIFF'S RIGHT TO BE FREE FROM UNREASONABLE SEARCHES AND SEIZURES UNDER THE FOURTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION

29. Plaintiff repeats the allegations of the foregoing paragraphs as though fully stated herein.

30. By the actions described above, Robert Smith was deprived of rights secured by the Constitution and laws of the United States, including, but not limited to, his right to be free and secure in his person, and his right to be free from arrest or search, except on probable cause or pursuant to a warrant.

31. As a consequence thereof, Robert Smith has been injured.

### SECOND CLAIM FOR RELIEF FOR VIOLATING PLAINTIFF'S RIGHT TO BE FREE FROM UNREASONABLE FORCE UNDER THE FOURTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION

32. Plaintiff repeats and realleges the forgoing paragraphs allegation as if fully set forth herein.

33. By the actions described above, Plaintiff was deprived of his rights secured by the Constitution and laws of the United States in violation of 42 U.S.C. §1983, including, but not limited to his right to be free from unreasonable force.

34. As a consequence thereof, Robert Smith has been injured.

### THIRD CLAIM FOR RELIEF FOR VIOLATING PLAINTIFF'S RIGHTS UNDER THE FIRST AMENDMENT

35. Plaintiff repeats the allegations of the foregoing paragraphs as though fully stated herein.

36. By the conduct described herein, the Defendants unlawfully denied Plaintiff's right to speak freely under the First Amendment by unlawfully arresting and using force to deter and punish the exercise of Plaintiff's First Amendment rights.  Plaintiff's arrest at Gates and Tompkins was retaliation for exercising his First Amendment rights.

37. As a consequence thereof, Robert Smith has been injured.

### FOURTH CLAIM FOR RELIEF FOR DENIAL OF PLAINTIFF'S FAIR TRIAL RIGHTS

38. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

39. Defendant Famighetti created false evidence against Plaintiff.

40. Defendant Famighetti forwarded false evidence to prosecutors in the Kings County District Attorney's office.

41. In creating false evidence against Plaintiff, and in forwarding false information to prosecutors, Defendant Famighetti violated Plaintiff's right to a fair trial under the Due Process Clause of the Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

42. As a consequence thereof, Robert Smith has been injured.

### FIFTH CLAIM FOR RELIEF AGAINST DEFENDANT FAMIGHETTI FOR IMPROPER SUPERVISION OF HIS SUBORDINATES

43. Plaintiff repeats the allegations of the foregoing paragraphs as though fully stated herein.

44. At all times relevant, Defendant Famighetti was employed as a Sergeant by the New York City Police Department with supervisory authority over and responsibility for the conduct of the other Defendant and other police personnel.

45. Defendant Famighetti failed to properly supervise his subordinates or to otherwise take action to remedy the wrong done to the Plaintiff.

46. As a consequence thereof, Robert Smith has been injured.

### Request for Relief

WHEREFORE, Plaintiff respectfully requests that judgment be entered that Plaintiff's rights under the United States Constitution were violated and:

(A) Compensatory damages in an amount to be fixed at trial;

(B)  By reason of the wanton, willful and malicious character of the conduct complained of herein, punitive damages in an amount to be fixed at trial;

(C)  An award to Plaintiff of the costs and disbursements herein;

(D)  An award of attorney's fees under 42 U.S.C. §1988; and

(E)  Such other and further relief as this Court may deem just and proper.

Dated: October 2, 2014
       Brooklyn, New York

                          The Law Office of Matthew Flamm
                           Attorney for Plaintiff
                          26 Court Street, Suite 2208
                          Brooklyn, New York 11242
                          (718) 797-3117
                          matthewflamm@msn.com

                          _/s/ Matthew Flamm_
                          Matthew Flamm